817 So.2d 1048 (2002)
Tammy Lynn HARVESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1122.
District Court of Appeal of Florida, Second District.
June 5, 2002.

*1049 ORDER RELINQUISHING JURISDICTION
PARKER, Judge.
Tammy Lynn Harvester appeals the trial court's order denying her motion for proper jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court's order references attachments that were not included in the record on appeal, we relinquish jurisdiction to the trial court for thirty days so that the referenced attachments may be added.
In her motion, Harvester alleges that she is entitled to sixty-eight days' jail credit for time she spent in a court-ordered, in-house drug treatment program. The trial court denied the motion and attached a copy of an earlier order addressing a motion Harvester had previously filed. This earlier order states that it has as attachments case progress notes, criminal report affidavits, judgments and sentences, and a state credit time log, all of which purportedly show that Harvester's jail credit is correct. However, none of these documents attached to the earlier order was furnished to this court by the trial court.
In the past, this court has often reversed such orders when the documents attached to the order failed to conclusively refute a claim. This court will continue to reverse such orders in some instances. However, a reversal is often a very inefficient method to address an order that may be deficient only because it has failed to attach one or more essential documents. A reversal often does not result in a new order from the trial court for several months. If the trial court again denies the postconviction motion, invariably the defendant files another appeal. That appeal is often assigned to a new panel of judges who often repeat work performed by the first panel.
In many appeals, this court could determine whether the trial court's initial order was correct merely by obtaining a few more documents from the trial court record. This case is a good example of such an appeal. Accordingly, we take this opportunity to announce that when the trial court's order denying a postconviction motion references attachments that are not actually attached or requires this court to review an identifiable document from the trial court record that is not attached to the order, this court will exercise its discretion by either relinquishing jurisdiction to the trial court for thirty days for the preparation of an amended order or by ordering the trial court to supplement the record with the necessary records.
We emphasize that this new policy is not intended to encourage trial courts to become lax in the preparation of these orders. This policy will allow for efficient and timely resolution of postconviction appeals only if trial courts continue to provide *1050 quality orders to this court. This court will continue to reverse trial court orders or publish relinquishment orders when it appears that the error is the result of a lack of diligence on the part of the trial court.
We therefore relinquish jurisdiction to the trial court for thirty days to attach those documents referenced in the trial court's order and to supplement the record with those attachments.
ALTENBERND and WHATLEY, JJ., concur.