PER CURIAM.
This is an appeal from a final order denying appellant’s second Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied appellant’s seven claims for relief. The trial court had previously denied appellant’s first Motion for Postconviction Relief, which this Court per curiam affirmed. See Demons v. State, 787 So.2d 856 (Fla. 1st DCA 2001). In denying the second motion as being successive, the trial court referenced and attached only this Court’s per curiam opinion. Because the attachment of this court’s opinion does not conclusively refute appellant’s claim and the trial court’s order indicates that other identifiable documents exist in the record, we reverse and remand.
The State argues that this Court should follow the procedure set forth in Harvester v. State, 817 So.2d 1048 (Fla. 2d DCA 2002), in this case. In Harvester, the trial court’s order referenced attachments that were not included in the record on appeal. Id. The Second District Court of Appeal decided that it would thereafter relinquish jurisdiction for a period of 30 days in order to allow the trial court to attach the necessary supportive documentation, before deciding whether to affirm or deny the trial court’s summary denial. Id. The court noted, however, that it would still continue to reverse in some instances where the documents attached to the order fail to conclusively refute a claim. Id.
This case is distinguishable from Harvester. Here, the trial court only referenced and attached this Court’s per curiam opinion as support for its denial. The trial court did not inadvertently fail to attach documentation that it referenced, as was the case in Harvester. In this case, the issue turns on the lack of support for the trial court’s order. The reference and attachment of this Court’s per curiam opinion does not conclusively refute appellant’s claims. Accordingly, we reverse and remand in order that the trial court either attach portions of the record which conclusively refute appellant’s allegations or conduct other appropriate proceedings under rule 3.850.
REVERSED and REMANDED.
ALLEN, C.J., BROWNING and LEWIS, JJ., concur.