DAVIS, Judge.
Michael Todd Harrell, pro se, challenges the summary denial of three claims in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. In that motion, he alleged ineffective assistance of counsel in conjunction with the negotiated no contest plea he entered to lewd and lascivious battery, possession of child pornography, and aggravated stalking of a child. Because the postconviction court failed to attach any portions of the trial court record to refute two of Harrell’s summarily denied claims, we reverse as to those claims. In all other respects, we affirm without further comment.
In his rule 3.850 motion, Harrell alleged that his counsel was ineffective for failing to seek to suppress the evidence obtained when officers entered his home by falsely claiming to have a warrant for the contents of his computer. Specifically, Harrell alleged that counsel should have challenged the existence of the warrant as well as the fact that the police lied to him when they came to his house without a warrant and coerced him into giving them computer disks containing the contents of his hard drive. The postconviction court summarily denied the claims, relying on the State’s response and attaching excerpts from the transcripts of the deposition of the officer who searched his home. If these excerpts are properly part of the record before the trial court, then they conclusively refute Harrell’s claim in that they establish that the officer provided counsel with a copy of the search warrant and noted the evidence that existed on which the police obtained such a warrant.
It is impossible to tell from the record provided to this court whether the deposition excerpts were part of the trial court record on which the postconviction court could properly rely. There is only one entry on the progress docket attached to the record on appeal which would indicate that any pretrial depositions were filed with the trial court. Based on this court’s authority in Harvester v. State, 817 So.2d 1048 (Fla. 2d DCA 2002), we ordered the appellate record to be supplemented with the transcripts from the depositions filed *233 with the trial court on January 16, 2006. After reviewing these transcripts, it is clear that they do not match the transcript excerpts from the October 3, 2005, deposition that is attached to the State’s response.[1] Accordingly, we remain unable to ascertain whether the State’s attachments could be used to conclusively refute the claims of ineffective assistance in a summary denial. See McLin v. State, 827 So.2d 948, 954 (Fla.2002) (“This Court has explained that ‘[t]o support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.’ Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993).... [Rule 3.850(d)] permits summary denial only if the ‘motion, files and records in the case conclusively show that the movant is entitled to no relief.’ Further, [rule 3.850(d) ] requires that ‘when the denial is,not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records should be attached to the order.’ ” (first alteration in original)). We therefore reverse the summary denial of Harrell’s rule 3.850 motion as it relates to the two claims related to the search of Harrell’s home. On remand, the postcon-viction court should either attach any portions of the trial record which would conclusively refute the claims or conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded for further proceedings.
VILLANTI and CRENSHAW, JJ., Concur.

. Only the transcripts from the December 1, 2005, deposition were established as part of the trial court record. Standing alone, these transcripts would not be sufficient to refute Harrell’s claims.