NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RENNY ARMSTRONG,                    )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No. 2D14-133
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____)

Opinion filed September 24, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Collier County; Ramiro Manalich, Judge.

Renny Armstrong, pro se.


SILBERMAN, Judge.

          Renny Armstrong appeals the summary denial of his postconviction

motion filed under Florida Rule of Criminal Procedure 3.850.  We affirm the denial of

grounds two, three, and four without comment, but we reverse the denial of ground one

and remand for further proceedings.

          In 2010, Armstrong entered an open plea to burglary (count one), grand

theft (count two), fleeing to elude law enforcement (count three), and driving while

license suspended or revoked (count four). He was sentenced to fifteen years in prison as a prison releasee reoffender (PRR) with a fifteen-year mandatory minimum on count one, to five years in prison on count two, to fifteen years in prison on count three, and to time served on count four. He did not appeal his judgment and sentence but instead filed this timely postconviction motion.

In ground one of his motion, Armstrong claimed that his former counsel was ineffective for failing to inform him of the maximum sentence and of the possibility of a fifteen-year mandatory minimum sentence as a PRR during plea negotiations, resulting in the rejection of a favorable plea offer of forty-eight months in prison. He maintained that had he been properly advised, he would have accepted the offer of forty-eight months. He argued that although the State had not filed a notice of intent to seek PRR designation, counsel had an obligation to advise him of the possibility of such a designation to allow him to make an informed decision about the State's offer. He asserted that after he rejected the offer, the State filed a PRR notice.

In a response that was adopted and incorporated by the postconviction court, the State asserted that although Armstrong's claim is facially insufficient, it should be denied without leave to amend because he would be unable to amend it in good faith to establish prejudice. Citing Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007), the State maintained that because the trial court advised Armstrong of the maximum sentence and of the mandatory minimum as a PRR at the plea hearing, he could not rely on counsel's alleged misadvice. Although we agree Armstrong's motion is facially insufficient under Alcorn v. State, 121 So. 3d 419 (Fla. 2013), we disagree that Armstrong was not entitled to leave to amend ground one.

- 2 -

In Alcorn, the supreme court held that to establish prejudice in a claim of ineffective assistance based on misadvice resulting in the rejection of a favorable plea offer, the defendant must demonstrate that:

> (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 422 (citing Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012)).

Armstrong failed to allege that the prosecutor would not have withdrawn the offer and that the court would have accepted it, prongs two and three of Alcorn. See Ramos v. State, 39 Fla. L. Weekly D1270 (Fla. 4th DCA June 18, 2014). Because Armstrong's motion was pending at the time Alcorn was decided, the postconviction court was required to apply Alcorn in resolving the claim. See Odegaard v. State, 137 So. 3d 505, 513 (Fla. 2d DCA 2014) (LaRose, J., concurring) ("However, recent cases suggest an expansion of the 'pipeline' analysis to new law that applies to postconviction claims where the resolution of the postconviction claim was still pending when the new case was decided."); see also Barthel v. State, 882 So. 2d 1054, 1055 (Fla. 2d DCA 2004) ("Because this appeal was in the 'pipeline' at the time Nelson [v. State, 875 So. 2d 579 (Fla. 2004),] became final, Barthel is entitled to the benefit of the controlling law in Nelson in effect at the time of appeal.").

Moreover, the State applied an incorrect prejudice analysis. In the context of ineffective assistance resulting in the rejection of a plea offer, "[p]rejudice . . . is determined based upon a consideration of the circumstances as viewed *at the time of*

*the offer* and what would have been done *with proper and adequate advice.*"  Alcorn, 121 So. 3d at 432.  The State incorrectly focused on what occurred after Armstrong rejected the plea offer; what happened after did not rectify counsel's failure to provide Armstrong with all of the information necessary to make an informed decision on whether to accept the offer.  Also, this court has expressly refused to follow Scheele and has held that a trial court's informing the defendant of the maximum sentence would not necessarily have put him on notice that he could not rely on counsel's advice.  See Ely v. State, 13 So. 3d 167, 169 (Fla. 2d DCA 2009).  See also Singfield v. State, 74 So. 3d 127, 129 (Fla. 2d DCA 2011) ("However, the court's advice to Singfield was clearly qualified: the court informed him that *in all likelihood*, he would be sentenced to sixty-five months in prison, despite having previously informed him of the maximum sentences.  The trial court's statement placed Singfield on notice that he could not rely on counsel's statements to the contrary.").

Accordingly, we reverse and remand for the postconviction court to allow Armstrong an opportunity to amend ground one if he can do so in good faith.  See Fla. R. Crim. P. 3.850(f)(3); Spera v. State, 971 So. 2d 754 (Fla. 2007).

Affirmed in part, reversed in part, and remanded.

KELLY and VILLANTI, JJ., Concur.

- 4 -