NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CLARENCE WILSON, DOC #553181,   )
                                )
            Appellant,          )
                                )
v.                              )          Case No. 2D15-4120
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____ )

Opinion filed March 18, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Kelly P. Butz, Judge.

Clarence Wilson, pro se.

No appearance for Appellee.


PER CURIAM.

          Clarence Wilson appeals the order summarily denying his postconviction

motion filed under Florida Rule of Criminal Procedure 3.850.  We affirm the order

without further comment to the extent that it denies grounds one through four and

ground six of his motion; we reverse the order to the extent that it denies ground five of

the motion and remand for further proceedings.

In ground five, Mr. Wilson alleged that trial counsel was ineffective for failing to inform him of the nature of the charges against him and the maximum sentence he could receive if convicted at trial. Mr. Wilson claimed that as a result of counsel's alleged omission he rejected the State's plea offer of fifteen years' imprisonment and was sentenced to life imprisonment after a jury convicted him of sexual battery.[1] Mr. Wilson asserted that if he had understood the sentence he was facing if convicted at trial, he would have accepted the State's plea offer.

The postconviction court found that Mr. Wilson's actions at his sentencing hearing refuted the allegations of ground five. Specifically, the postconviction court noted Mr. Wilson's failure to say anything concerning a misunderstanding about the maximum sentence he faced when counsel announced that they had gone over his scoresheet, as well as his protestation of innocence. But "[i]n the context of ineffective assistance resulting in the rejection of a plea offer, '[p]rejudice . . . is determined based upon a consideration of the circumstances as viewed <u>at the time of the offer</u> and what would have been done <u>with proper and adequate advice</u>.' " <u>Armstrong v. State</u>, 148 So. 3d 124, 126 (Fla. 2d DCA 2014) (alteration in original) (quoting <u>Alcorn v. State</u>, 121 So. 3d 419, 432 (Fla. 2013)). Thus, events occurring after Mr. Wilson rejected the plea offer could not cure counsel's alleged failure to provide him with all of the information necessary to make an informed decision concerning the offer. <u>See Armstrong</u>, 148 So. 3d at 126.

---

[1]The jury also convicted Mr. Wilson of kidnapping, but this court reversed that conviction for which the trial court had imposed a consecutive term of life imprisonment. <u>Wilson v. State</u>, 159 So. 3d 316, 318 (Fla. 2d DCA 2015).

Accordingly, we reverse the order under review to the extent that it summarily denies ground five. We note that ground five is facially insufficient because Mr. Wilson failed to allege that the State would not have withdrawn the offer and that the trial court would have accepted the offer. See Alcorn, 121 So. 3d at 422 (holding that to establish prejudice from the loss of a favorable plea offer, a defendant must allege and prove a reasonable probability that he would have accepted the offer had counsel advised him correctly, the State would not have withdrawn the offer, the court would have accepted the offer, and the conviction or sentence or both under the offer would have been less severe than under the judgment and sentence imposed). Thus we remand this case to the postconviction court with directions to enter an order allowing Mr. Wilson sixty days to amend ground five of his motion to state a facially sufficient claim under Alcorn. See Fla. R. Crim. P. 3.850(f)(3). In all other respects, the postconviction court's order is affirmed.

Affirmed in part, reversed in part, and remanded.

CASANUEVA, WALLACE, and LaROSE, JJ., Concur.