NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEITH B. PARHM, DOC #C01111,  )
                              )
        Appellant,            )
                              )
v.                            )        Case No. 2D16-3344
                              )
STATE OF FLORIDA,             )
                              )
        Appellee.             )
_____)

Opinion filed May 26, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Susan Maulucci, Judge.

Keith B. Parhm, pro se.


WALLACE, Judge.

        Keith Parhm seeks review of the postconviction court's order summarily

denying his motion for postconviction relief filed in accordance with Florida Rule of

Criminal Procedure 3.850.  We affirm without comment the postconviction court's order

on all of the claims asserted except claim one.  With regard to the postconviction court's

summary denial of Mr. Parhm's first claim—ineffective assistance of counsel for failing

to inform him of the elements of the offenses charged and his available defenses—we

reverse and remand for further proceedings.

Mr. Parhm was charged with violating the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act (count one) and conspiracy to violate the Florida RICO Act (count two) for his participation in numerous drug deals as a member of a criminal street gang. On November 5, 2008, Mr. Parhm entered into a negotiated no contest plea on counts one and two. As part of the plea deal, Mr. Parhm was to cooperate with law enforcement and his sentencing was deferred. On June 5, 2009, after his motion to withdraw his plea was denied, Mr. Parhm was sentenced to thirty years' prison on both counts. The trial court designated the sentences to run concurrently. Mr. Parhm appealed, and this court affirmed his judgment and sentences. Parhm v. State, 44 So. 3d 589 (Fla. 2d DCA 2010) (table decision).

In March 2014, Mr. Parhm filed his third amended motion for postconviction relief under rule 3.850. In his motion, Mr. Parhm raised six different grounds: (1) ineffective assistance of counsel for failure to inform Mr. Parhm of the elements of the charges and any corresponding defenses; (2) ineffective assistance of counsel for failure to obtain additional time for Mr. Parhm to consider the State's plea offer; (3) a claim that the plea was involuntary because Mr. Parhm did not understand the consequences of his plea agreement; (4) a claim that the sentence imposed was vindictive; (5) a claim that the racketeering statute was unconstitutional; and (6) a claim of cumulative error. On June 29, 2016, the postconviction court entered an order summarily denying all six of the grounds asserted in the motion. On appeal, Mr. Parhm challenges only the denial of his first four claims. We will discuss Mr. Parhm's first claim below. His remaining claims are without merit and do not warrant further discussion.

In his first claim, Mr. Parhm alleged that his trial counsel was ineffective for failing to advise him regarding the elements of the charges and the corresponding defenses. Specifically, Mr. Parhm alleged that his trial counsel failed to inform him that a conviction for racketeering required that the predicate incidents in which he was engaged must have "the same or similar intents, results, accomplices, victims, methods of commission, or were interrelated by distinguishing characteristics, rather than being isolated incidents." Mr. Parhm further alleged that trial counsel failed to inform him that conspiracy to commit racketeering required proof of specific intent. Mr. Parhm also alleged that his trial counsel was ineffective for failing to inform him of the corresponding defenses to the charges against him, such as lack of intent. Mr. Parhm concluded by alleging that if his trial counsel had properly advised him of the elements that the State would be required to prove if the case had proceeded to trial and the defenses available to the charges, he would not have entered a no contest plea and would have proceeded to trial.

In denying Mr. Parhm's claim as conclusively refuted by the record, the postconviction court relied on the statement of the factual basis for the plea recited by the prosecutor during the plea colloquy. When the trial court asked Mr. Parhm if he had any objection to the factual basis as stated by the prosecutor, he responded, "No." Citing these portions of the record from the plea colloquy, the postconviction court found: "[Mr. Parhm] was informed of the elements comprising each charged offense and the specific incidents underlying the charges, and he did not raise any objection regarding the incidents being isolated or that he knowingly participated in the

conspiracy."  Based on this finding, the trial court denied claim one as conclusively refuted by the record.

There is nothing in the record attachments to refute Mr. Parhm's claim that his trial counsel failed to properly advise him of the elements of the charged offenses and his available defenses.  Also, there is nothing in the record attachments to refute Mr. Parhm's claim that if he had been properly advised, he would have declined to enter his no contest pleas and would have insisted on going to trial.  Although the prosecutor recited the elements of the charges at the plea hearing, such a brief recitation was not sufficient to conclusively refute Mr. Parhm's claim that his counsel failed to advise him regarding the elements of the charges.  Nor was it a proper substitute for the informed advice of a competent lawyer regarding what the State would have been obligated to prove in the cases against Mr. Parhm.[1]  Indeed, this is especially true in cases involving racketeering and conspiracy to commit racketeering, whose hallmark is their complexity. See generally Hagopian v. Justice Admin. Comm'n, 18 So. 3d 625, 640-42 (Fla. 2d DCA 2009) (discussing the complexity of RICO prosecutions and their defense); Jennifer Daley, Tightening the Net of Florida's RICO Act, 21 Fla. St. U. L. Rev. 381, 384 (1993).

Furthermore, the prosecutor's statement of the factual basis for the plea did not refute Mr. Parhm's claim that his trial counsel failed to advise him of the availability of specific defenses to the racketeering and conspiracy to commit

---

[1]We note that Mr. Parhm expressly stated during the plea colloquy that he was pleading no contest to the charges not because he believed that he was guilty but because he had concluded that the entry of the pleas was in his best interest.  Under these circumstances, his failure to object to the factual basis for the charges as stated by the prosecutor is of little weight in determining his understanding and acceptance of the prosecutor's recitation of the facts.

racketeering charges, e.g., that the alleged predicate incidents were isolated incidents and the State would not have been able to prove his intent to participate in the alleged conspiracy. "In order for a trial court to summarily deny a defendant's claim that his counsel failed to advise him of a specific defense, the record must conclusively refute the claim." Jones v. State, 846 So. 2d 1224, 1226 (Fla. 2d DCA 2003) (citing Flores v. State, 662 So. 2d 1350, 1351-52 (Fla. 2d DCA 1995)) (reversing the summary denial of defendant's claim that counsel failed to inform him that consent was an available defense to a sexual battery charge and remanding for an evidentiary hearing); see also Fernandez v. State, 135 So. 3d 446, 447-48 (Fla. 2d DCA 2014) (reversing the summary denial of defendant's claim that counsel failed to advise him of the availability of the afterthought defense to a robbery charge and remanding for an evidentiary hearing).

Accordingly, we reverse the denial of Mr. Parhm's claim one and remand for the postconviction court either to attach specific portions of the record refuting Mr. Parhm's allegations in claim one or to conduct an evidentiary hearing. In all other respects, we affirm the postconviction court's order.

Affirmed in part, reversed in part, and remanded.


MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.