NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JEFFERY PHILLIPS, )
 )
Appellant, )
 )
v. ) Case No. 2D16-5034
 )
STATE OF FLORIDA, )
 )
Appellee. )
_____)

Opinion filed October 18, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; John K. Stargel, Judge.

Jeffery Phillips, pro se.

Cornelius C. Demps, Assistant Attorney
General, Tampa, for Appellee.


PER CURIAM.

Jeffery Phillips appeals the summary denial of his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850.  Because the

postconviction court's order fails to conclusively refute Mr. Phillips' claims for relief, we

reverse and remand for further proceedings.

**Background**

Mr. Phillips was serving a Florida probationary sentence for battery, lewd or lascivious exhibition, and lewd or lascivious conduct when he pleaded guilty to and was convicted of a new child molestation offense in Indiana. As a result, the State sought to revoke his probation. Following an evidentiary hearing where Mr. Phillips had counsel, the trial court revoked probation on two of the three counts. The trial court imposed consecutive sentences of fifteen and ten years' imprisonment, ordered five years of sexual offender probation, and designated Mr. Phillips as a sexual predator. After an unsuccessful appeal, Mr. Phillips sought relief under rule 3.850. The postconviction court summarily denied Mr. Phillips' amended motion. This is his appeal.

**Discussion**

The postconviction court's order was unaccompanied by any record attachments and does not conclusively refute Mr. Phillips' claims of ineffective assistance of trial counsel at the revocation stage. The State acknowledges as much. It asks us to relinquish jurisdiction to allow the postconviction court to attach record documents or order the postconviction court to supplement the record. See Harvester v. State, 817 So. 2d 1048 (Fla. 2d DCA 2002). We will do neither. Harvester applies when "this court could determine whether the [postconviction] court's initial order was correct merely by obtaining a few more documents" or when the postconviction court's order "references attachments that are not actually attached." Id. at 1049. Here, the postconviction court did not reference any documents in denying three of Mr. Phillips' four claims. We cannot conclude that supplementing the record with identifiable

documents would allow us to determine the correctness of the order. Relinquishing jurisdiction or supplementing the record are not easy fixes to dispose of this appeal. See Peede v. State, 748 So. 2d 253, 257 (Fla. 1999) ("To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record."); see also Swanson v. State, 825 So. 2d 507 (Fla. 1st DCA 2002) (declining to apply Harvester when the postconviction court "did not rely upon any court documents" in denying a motion). We will, accordingly, review the postconviction court's order based on the record before us.

We review the summary denial of a rule 3.850 motion de novo and "must accept the movant's factual allegations as true to the extent that they are not refuted by the record." Jennings v. State, 123 So. 3d 1101, 1121 (Fla. 2013). We "must examine each claim to determine if it is legally sufficient, and, if so, whether the record refutes it." Allen v. State, 854 So. 2d 1255, 1258 (Fla. 2003). Mr. Phillips must establish each claim by alleging specific facts. Allen, 854 So. 2d at 1259. "[U]nless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(D).

For each claim he asserted, Mr. Phillips must show that (1) counsel's performance was deficient and that (2) the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 693-694 (1984). Mr. Phillips must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. Moreover, Mr. Phillips "must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the claim fails on either the deficiency or prejudice prong, the postconviction court can deny the motion. Id. at 687.

Mr. Phillips first asserted that counsel was ineffective by misadvising him that he faced a fifteen-year maximum potential sentence and that he rejected the State's fifteen-year offer based on that advice. The postconviction court denied relief, reasoning that Mr. Phillips could not show prejudice because the trial court correctly informed him at the beginning of the revocation hearing that he faced thirty years in prison. However, significantly, Mr. Phillips also alleged that no offer was "on the table" when the court informed him of the accurate potential sentence. As a result, the trial court's colloquy did not cure counsel's alleged deficiency or eliminate any prejudice to Mr. Phillips.

Although counsel allegedly told him that he was facing only a potential sentence of fifteen years' imprisonment, Mr. Phillips, upon revocation of probation, was actually facing thirty years for two second-degree felonies. See § 800.04(7)(a), Fla. Stat. (2002) (making lewd or lascivious exhibition a second-degree felony punishable by a maximum of fifteen years' imprisonment); § 800.04(6)(b) (same for lewd or lascivious conduct); Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013) (noting that misadvice concerning the maximum sentence faced is deficient performance). As for prejudice, Mr. Phillips adequately alleged, and the order before us does not refute, that:

- 4 -

> (1) he . . . would have accepted the offer had counsel
> advised the defendant correctly, (2) the prosecutor would not
> have withdrawn the offer, (3) the court would have accepted
> the offer, and (4) the conviction or sentence, or both, under
> the offer's terms would have been less severe than under
> the judgment and sentence that in fact were imposed.

Alcorn, 121 So. 3d at 422.

As we explained in Armstrong v. State, 148 So. 3d 124 (Fla. 2d DCA 2014), when a defendant rejects a plea offer based on the alleged misadvice of counsel, the trial court cannot cure the deficiency by later informing the defendant of the actual sentence faced.

> In the context of ineffective assistance resulting in the
> rejection of a plea offer, "[p]rejudice . . . is determined
> based upon a consideration of the circumstances as viewed
> at the time of the offer and what would have been done with
> proper and adequate advice."  The State incorrectly focused
> on what occurred after Armstrong rejected the plea offer;
> what happened after did not rectify counsel's failure to
> provide Armstrong with all of the information necessary to
> make an informed decision on whether to accept the offer.

Id. at 126 (quoting Alcorn, 121 So. 3d at 432) (alteration in original and citation omitted).

Mr. Phillips cannot go back and accept the offer that he previously rejected and that was no longer available; the damage has been done.  See Wilson v. State, 189 So. 3d 912, 913 (Fla. 2d DCA 2016) ("[E]vents occurring after [the defendant] rejected the plea offer could not cure counsel's alleged failure to provide him with all of the information necessary to make an informed decision concerning the offer.").  Mr. Phillips sufficiently alleged deficient performance and prejudice.  The postconviction court's order fails to refute the first claim.

- 5 -

In his second claim, Mr. Phillips faults counsel for failing to seek a competency evaluation. Allegedly, Mr. Phillips informed counsel that he suffered from mental illnesses and was experiencing symptoms that affected his ability to understand the proceedings, notwithstanding that he was taking medications. This claim is facially sufficient and the postconviction court's cursory comments on this claim fail to refute it. See Thompson v. State, 88 So. 3d 312 (Fla. 4th DCA 2012); Jackson v. State, 29 So. 3d 1161 (Fla. 1st DCA 2010).

Mr. Phillips' third claim for relief is that counsel failed to inform him of the elements that the State needed to establish a violation of probation. Seemingly, the postconviction court read this claim to assert counsel's failure to properly advise Mr. Phillips of the State's burden of proof. The postconviction court reasoned that even if the highest burden of proof applied, Mr. Phillips still would have been found in violation and, as a result, he cannot show prejudice.

If counsel did not explain to Mr. Phillips the elements of proving revocation and the dire chance for his success in light of the Indiana conviction, that would likely constitute deficient performance. See Fla. R. Crim. P. 3.171(c)(2)(B) ("Defense counsel shall advise defendant of . . . all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant."). And, as with his first claim, Mr. Phillips has sufficiently alleged prejudice by asserting that he would have accepted the State's offer had counsel informed him about the elements of a probation violation. This claim is sufficient and unrefuted by the postconviction court.

Mr. Phillips' last claim is that counsel was ineffective for failing to seek jail credit for the time served in an Indiana jail.  The postconviction court denied this claim, asserting simply that the award of out-of-state jail credit is discretionary and that Mr. Phillips, therefore, cannot show prejudice.  The postconviction court was correct that awarding of such jail credit is discretionary.  But that "discretion is not unbridled but is subject to the test of reasonableness."  Wombaugh v. State, 25 So. 3d 707, 709 n.2 (Fla. 2d DCA 2010).  In order to allow the reviewing court to apply the test of reasonableness, the postconviction court "must attach documentation or state the reason for denying the claim."  Id.  The postconviction court did neither; we are unable to evaluate the reasonableness of the denial of this claim.

## **Conclusion**

We reverse the summary denial of all four claims and remand for the postconviction court to either attach record documents conclusively refuting Mr. Phillips' claims or hold an evidentiary hearing.

Reversed and remanded with instructions.


LaROSE, C.J., and SILBERMAN and MORRIS, JJ., Concur.