DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JERMAINE BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2428

[February 28, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch, V, Judge; L.T. Case No. 11-654CF10A.

Jermaine Brown, Milton, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jermaine Brown appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief alleging ineffective assistance of counsel. We affirm in part and reverse and remand in part for further review of appellant's claim that he rejected a favorable plea offer based on counsel's advice regarding the strength of the State's case and the strength of the evidence to impeach the victim.

Appellant was convicted of aggravated battery and simple battery following a jury trial. The trial court sentenced him to a twenty year prison term for the aggravated battery with a ten year mandatory term as a habitual violent felony offender and time served for the simple battery. This Court affirmed his direct appeal. *Brown v. State*, 133 So. 3d 941 (Fla. 4th DCA 2013).

Appellant timely filed a rule 3.850 motion raising eight grounds. In ground six, he claimed that trial counsel was ineffective for misadvising him to reject a favorable plea offer to a 58.4 month prison term. He alleges counsel told him that the case boiled down to a credibility call and the

victim's initial "waiver of prosecution form" could serve to impeach her. Appellant further alleges counsel told him that the State could not win under the circumstances and that the plea offer was excessive. Relying on this advice, he rejected the plea offer.

The record confirms that appellant rejected this plea offer twice, once at a pretrial status hearing and again on the morning of voir dire. The record also shows that during opening comments, defense counsel told the jury that it would hear from the victim that she made prior inconsistent statements relative to the allegations.

The Florida Supreme Court has held that a claim that counsel was ineffective for advising the defendant to reject a plea offer because counsel was confident that she could win at trial was insufficient. *Morgan v. State*, 991 So. 2d 835, 841 (Fla. 2008), *rev'd on other grounds, Alcorn v. State*, 121 So. 3d 419, 419 (Fla. 2013). *Morgan* reasoned, "[t]he mere fact that [the defendant] did not prevail at trial does not translate into misadvice. Some specific deficiency on the part of counsel must be alleged." *Id.*

A specific deficiency was lacking in *Morgan*, where the movant did not allege that "counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case." 991 So. 2d at 841. Here, appellant alleged a specific deficiency tied to counsel's value of the waiver of prosecution as evidence to impeach the victim, and the record reflects that the plea was available at least until voir dire began. *Clark v. State*, No. 4D17-680, 2018 WL 355407, at *2 (Fla. 4th DCA Jan. 10, 2018) (citing *Jacques v. State*, 193 So. 3d 1065 (Fla. 4th DCA 2016) ("[T]here was no indication that the prosecutor would have withdrawn the plea or the trial court would have rejected it.")).

When evaluating a claim of ineffective assistance resulting in a rejected plea offer, "[p]rejudice. . . . is determined based upon a consideration of the circumstances as viewed at the time of the offer and what would have been done with proper and adequate advice." *Alcorn*, 121 So. 3d at 419, 432; *see also Phillips v. State*, 229 So. 3d 426 (Fla. 2d DCA 2017); *Armstrong v. State*, 148 So. 3d 124, 126 (Fla. 2d DCA 2014). The "waiver of prosecution" was not mentioned during the trial. The trial transcript suggests that coercion issues may have arisen surrounding the waiver, but it does not reflect when those issues arose, whether counsel addressed the impact of the coercion claims with appellant, or whether counsel could or should have known of them when advising appellant.

We find appellant's claim is sufficient and not refuted by the record. Accordingly, we reverse the trial court's summary denial of the claim and remand for it to either attach records conclusively refuting appellant's claim, or in the alternative, to hold an evidentiary hearing. We affirm the summary denial of appellant's remaining grounds without further discussion.

*Affirmed in part, reversed in part and remanded.*

LEVINE, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3