NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CHRISTOPHER DOUGLAS HUNTOON,    )
                                )
        Appellant,              )
                                )
v.                              )        Case No. 2D17-950
                                )
STATE OF FLORIDA,               )
                                )
        Appellee.               )
_____ )

Opinion filed March 14, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Charlotte County; Donald H. Mason, Judge.


PER CURIAM.

Christopher Douglas Huntoon appeals the order summarily denying his
motion filed under Florida Rule of Criminal Procedure 3.850. We reverse the denial of
grounds two and five but affirm the denial of the remaining claims without comment.

A jury convicted Mr. Huntoon of possession of a firearm by a convicted
felon and tampering with or fabricating physical evidence. Mr. Huntoon was sentenced
to five years' imprisonment, which included a three-year mandatory minimum sentence

as provided by section 775.087(2)(a), Florida Statutes (2013), for count one, and two years' community control followed by three years' probation for count two.

In ground two of his rule 3.850 motion, Mr. Huntoon alleged that trial counsel informed him that the State had extended a six-year plea offer, even though counsel failed to tell him that the State was going to withdraw the plea offer if he proceeded with a hearing on his pending motion to suppress. Without knowing that the State's offer would be withdrawn, Mr. Huntoon proceeded with the hearing on his motion to suppress. It was only after the denial of the motion to suppress that Mr. Huntoon was made aware of the fact that the State had withdrawn its plea offer. Finally, consistent with the requirements of Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013), Mr. Huntoon asserted that if counsel had properly advised him that the State would be withdrawing its plea offer, Mr. Huntoon would have foregone the hearing on his motion to suppress and would have accepted the State's offer. He also alleged that the State would not have withdrawn the offer, the court would have accepted the offer, and his sentence under the offer's terms would have been less severe than under the judgment and sentence that was in fact imposed.

In denying ground two of Mr. Huntoon's motion, the postconviction court adopted the State's response to this claim, finding that Mr. Huntoon failed to satisfy the third requirement of Alcorn. Specifically, the postconviction court found that the trial court could not have accepted a plea offer of six years' imprisonment that failed to include the mandatory minimum sentence for the possession of a firearm by a convicted felon, as the failure to impose the mandatory minimum sentence would constitute an illegal sentence. The postconviction court also found Mr. Huntoon's claim inherently

incredible because while Mr. Huntoon alleged that he did not know that the State would withdraw the offer if the suppression motion went forward, Mr. Huntoon remained silent when he was first made aware of the withdrawal in open court.

In postconviction matters, courts must accept as true the factual allegations not refuted by the record. Kimbrough v. State, 886 So. 2d 965, 981 (Fla. 2004); see also Fla. R. Crim. P. 3.850(f)(5). Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record. Kimbrough, 886 So. 2d at 981 (quoting Peede v. State, 748 So. 2d 253, 257 (Fla. 1999)).

The record attachments to the postconviction court's order are insufficient to refute Mr. Huntoon's claim. The postconviction court found that the trial court could not have accepted the six-year offer because it did not include the three-year mandatory minimum sentence required by section 775.087(2)(a), for the possession of a firearm by a convicted felon. There is nothing in the record before this court to indicate whether the six-year offer included the three-year mandatory minimum sentence, and the six-year offer does not, in and of itself, preclude the mandatory three-year sentence.

The postconviction court also found Mr. Huntoon's claim that he would have accepted the State's plea offer and foregone the hearing on his motion to suppress to be inherently incredible. We cannot conclude that Mr. Huntoon's claim is inherently incredible so as to allow the postconviction court to reject Mr. Huntoon's allegations without holding an evidentiary hearing. There is nothing inherently incredible about Mr. Huntoon's claim that he would have foregone the motion to suppress and accepted the State's plea offer had he been properly advised by counsel.

- 3 -

Nor does his failure to speak up after hearing in open court that the State had withdrawn the plea offer make Mr. Huntoon's claim inherently incredible. In the context of ineffective assistance, "[p]rejudice . . . is determined based upon a consideration of the circumstances as viewed at the time of the offer and what would have been done with proper and adequate advice." Armstrong v. State, 148 So. 3d 124, 126 (Fla. 2d DCA 2014) (emphasis omitted) (quoting Alcorn, 121 So. 3d at 432). Thus, the events occurring after the hearing on his motion to suppress could not cure counsel's alleged failure to provide Mr. Huntoon with all of the information necessary to make an informed decision concerning the offer. See Wilson v. State, 189 So. 3d 912, 913 (Fla. 2d DCA 2016).

In ground five of his rule 3.850 motion, Mr. Huntoon alleged that trial counsel was ineffective for failing to advise and explain to him that he could be found guilty of possession of a firearm by a convicted felon if the jury found him guilty of constructively possessing the firearms. Mr. Huntoon asserted that in discussing the plea agreement, trial counsel advised him that the State had to prove actual possession for him to be found guilty of possession of a firearm. Mr. Huntoon insisted that he would have accepted the six-year plea offer if he had been properly advised that the State was only required to prove constructive possession of the firearms. He also alleged that the State would not have withdrawn the offer, the court would have accepted the offer, and his sentence under the offer's terms would have been less severe than under the judgment and sentence that was in fact imposed.

In denying this claim, the postconviction court found that Mr. Huntoon could not demonstrate prejudice in this regard because the record indicated that the jury

found Huntoon guilty of actual possession of a firearm and, therefore, counsel's alleged failure to advise regarding constructive possession could not be prejudicial.

The postconviction court incorrectly focused on what occurred after Mr. Huntoon rejected the plea offer. What happened after Mr. Huntoon rejected the plea offer did not rectify counsel's failure to provide Mr. Huntoon with all of the information necessary to make an informed decision on whether to accept the offer. See Armstrong, 148 So. 3d at 126 (holding that in the context of ineffective assistance resulting in the rejection of a plea offer, prejudice is determined based upon a consideration of the circumstances as viewed at the time of the offer and what would have been done with proper and adequate advice).

If counsel failed to explain to Mr. Huntoon the elements of the offense of possession of a firearm by a convicted felon, including the fact that possession could be proven by constructive or actual possession, counsel's failure would constitute deficient performance. See Fla. R. Crim. P. 3.171(c)(2)(B) ("Defense counsel shall advise defendant of . . . all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant."); Parhm v. State, 227 So. 3d 172, 174 (Fla. 2d DCA 2017) (reversing summary denial where record attachments did not refute defendant's claim "that his trial counsel failed to properly advise him of the elements of the charged offenses"). Mr. Huntoon has sufficiently alleged deficient performance and prejudice, and the postconviction court's order fails to refute this claim.

Accordingly, we reverse the order under review to the extent that it summarily denied grounds two and five and remand for the court to either attach portions of the record that conclusively refute the claims or hold an evidentiary hearing.

We warn Mr. Huntoon, as we have warned others before him, of the potentially harsh consequences he faces if he succeeds.  "Even where trial counsel's misadvice results in a defendant's rejection of a favorable plea offer, the State is not required to reoffer its original plea on remand."  Odegaard v. State, 137 So. 3d 505, 508 (Fla. 2d DCA 2014).

Affirmed in part, reversed in part, and remanded.

VILLANTI, CRENSHAW, and MORRIS, JJ., Concur.