NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAHMAR STEWART, DOC #R81544,    )
                                )
      Appellant,                )
                                )
v.                              )    Case No. 2D17-2788
                                )
STATE OF FLORIDA,               )
                                )
      Appellee.                 )
_____ )

Opinion filed June 8, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Pasco
County; Kimberly Campbell, Judge.

Jahmar Stewart, pro se.

PER CURIAM.

      In 2015, Jahmar Stewart pleaded guilty to kidnapping while in actual

possession of a firearm and was sentenced to prison for ten years.  He thereafter filed a

motion for postconviction relief under Florida Rule of Criminal Procedure 3.850,

asserting two grounds of ineffective assistance of counsel.  The circuit court summarily

denied his motion, and Mr. Stewart now appeals that decision.  We affirm the denial of

ground two of Mr. Stewart's motion without comment.  However, we reverse the summary denial of ground one and remand this case for further proceedings.

In ground one, Mr. Stewart claimed that his court-appointed counsel failed to inform him of the elements of an offense the State had threatened to charge him with (tampering with a witness) if he did not accept the State's plea offer; nor, he claims, did his attorney address the availability of any possible defenses to that potential charge. Mr. Stewart further asserts that but for this failure, he would not have entered a guilty plea as to the kidnapping charge in exchange for the State agreeing not to file the additional charge of witness tampering.  In fact, in his motion Mr. Stewart alleged that his counsel informed him that he would have no viable defense to the tampering charge if the State were to proceed forward with it, that the State's possession of recorded calls to the witness alone would result in him being found guilty of the tampering offense, and that he could be sentenced to life in prison.  In his motion, he states that had he known there was a knowing and intentional element to the tampering offense,[1] he would not

---

[1]See § 914.22(1)(a)-(f), Fla. Stat. (2014) ("(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to: (a) Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding; (b) Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding; (c) Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding; (d) Be absent from an official proceeding to which such person has been summoned by legal process; (e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or (f) Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant.").

have accepted the plea and would have gone to trial. Further, he claims that had he proceeded to trial, he would have presented a misidentification defense with respect to the kidnapping charge.

If counsel failed to advise Mr. Stewart of the necessary elements of and defenses to the threatened tampering charge, and Mr. Stewart's decision to accept a plea offer turned upon the strength of that charge, counsel's performance may have been deficient. See Phillips v. State, 229 So. 3d 426, 430 (Fla. 2d DCA 2017) (concluding allegation of ineffective counsel for failure to inform of elements the State needed to establish a violation of probation was sufficiently alleged and unrefuted by the postconviction court); Parhm v. State, 227 So. 3d 172, 174 (Fla. 2d DCA 2017); Munroe v. State, 28 So. 3d 973, 976 (Fla. 2d DCA 2010). Mr. Stewart's claim that he would have proceeded to trial is credible based on the record before us. See Jennings v. State, 123 So. 3d 1101, 1121 (Fla. 2013) ("[T]he court must accept the movant's factual allegations as true to the extent that they are not refuted by the record."); Savage v. State, 832 So. 2d 807, 809 (Fla. 2d DCA 2002). The record on appeal does not conclusively refute Mr. Stewart's allegations; therefore, the trial court must conduct an evidentiary hearing on this claim of his motion. See Jacobs v. State, 880 So. 2d 548, 551 (Fla. 2004) ("[I]f the trial court finds that the motion is facially sufficient, that the claim is not conclusively refuted by the record, and that the claim is not otherwise procedurally barred, the trial court should hold an evidentiary hearing to resolve the claim."); see also Bush v. State, 964 So. 2d 181, 182-83 (Fla. 4th DCA 2007). Accordingly, we must reverse the order as it pertains to ground one of Mr. Stewart's motion.

On remand, Mr. Stewart is entitled to an evidentiary hearing to determine if his allegation is true that his trial counsel failed to advise him regarding the elements and defenses of a tampering with a witness offense.

Reversed and remanded with instructions.

NORTHCUTT, LUCAS, and ROTHSTEIN-YOUAKIM, JJ., Concur.