841 So.2d 578 (2003)
Damion WHITTEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3607.
District Court of Appeal of Florida, Second District.
March 26, 2003.
NORTHCUTT, Judge.
Damion Whitten challenges the circuit court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Whitten raised four possible grounds for relief based on ineffective assistance of counsel. We affirm the denial as to grounds two and three without discussion. We reverse and remand for further proceedings on grounds one and four.
*579 In ground one, Whitten alleged that his trial counsel failed to convey a plea offer. This can constitute ineffective assistance of counsel. See Cottle v. State, 733 So.2d 963 (Fla.1999); Eristma v. State, 766 So.2d 1095 (Fla. 2d DCA 2000); Shingleton v. State, 759 So.2d 713 (Fla. 2d DCA 2000); White v. State, 731 So.2d 74 (Fla. 2d DCA 1999). In order to state a prima facie case of ineffective assistance of counsel based on failing to convey a plea offer, the defendant must allege: (1) that counsel failed to communicate a plea offer; (2) that the defendant would have accepted the plea offer but for the inadequate communication; and (3) that acceptance of the plea offer would have resulted in a lesser sentence. See Cottle, 733 So.2d at 967; Eristma, 766 So.2d at 1096; Lewis v. State, 751 So.2d 715, 717 (Fla. 5th DCA 2000); Garcia v. State, 736 So.2d 89, 89-90 (Fla. 4th DCA 1999).
In his motion, Whitten alleged that he did not become aware of a plea offer of thirty years until just before the jury was sworn, when his attorney mentioned it to the trial court. Whitten alleged that he would have accepted the plea offer if he had known about it. Thirty years in prison is a lesser sentence than the life sentence Whitten subsequently received. Whitten therefore stated a prima facie case under Cottle. When denying this claim the circuit court relied on the trial transcript passage in which Whitten's counsel advised the trial court that the offer had been made. However, this exchange did not refute Whitten's assertion that this was the first he had heard of the offer. Therefore, he is entitled to an evidentiary hearing on this ground. We reverse the order summarily denying relief on ground one of Whitten's motion and remand for an evidentiary hearing on that ground. Should Whitten be successful at the hearing, we would suggest, as the Fifth District did in Lewis, a "good faith resumption of plea negotiations." Lewis, 751 So.2d at 718.
In ground four, Whitten complained that he was improperly habitualized in violation of the sequential conviction requirement. The circuit court's order states that the habitualization packet in the record refutes this ground. However, the court failed to attach this packet to its order. We therefore also reverse the order summarily denying relief on ground four of Whitten's motion and remand for the court to attach the required documents.
Affirmed in part, reversed in part, and remanded for further proceedings.
SALCINES and STRINGER, JJ., concur.