848 So.2d 1207 (2003)
Keith MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0667.
District Court of Appeal of Florida, First District.
July 3, 2003.
*1208 Appellant, pro se.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
HAWKES, J.
Appellant appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant argues trial counsel was ineffective for failing to advise him that he could be sentenced as a prison releasee reoffender upon conviction at trial. We reverse.
Appellant's sworn motion alleges he rejected an offer to plea to a lessor included offense with a sentence of 80.5 months (6 years, 8½ months) in prison. The trial court told Appellant the plea was for "about half of what you could get if convicted," and "you could get, it sounds like, about 13 years state penitentiary." Appellant maintained his innocence, stating "I didn't do it," and requested a trial. Following a jury trial, Appellant was found guilty of second-degree murder and sentenced to 15 years' imprisonment as a prison releasee reoffender. At the sentencing hearing, Appellant's counsel indicated she never informed Appellant of the possibility that he could receive an enhanced sentence, and Appellant stated he was "pretty sure that [he] would have made another decision" had he known he could receive a 15-year prison releasee reoffender sentence.
Appellant argues he was willing to risk going to trial if the maximum sentence he could receive was a little over 13 years in prison, but he would not have risked trial had he known he faced 15 years in prison as a prison releasee reoffender. Thus, Appellant argues, had he been aware that he could have received this enhanced sentence, he would have accepted the plea. Appellant alleges a facially sufficient claim of ineffective assistance of counsel. A facially sufficient claim that counsel was ineffective for failing to convey a plea offer requires Appellant to allege: (1) counsel failed to relay a plea offer or misinformed him about the penalty faced, (2) had he been correctly advised he would have accepted the plea, and (3) the plea would have resulted in a lesser sentence. See Cottle v. State, 733 So.2d 963, 967 (Fla.1999).
In its order summarily denying post conviction relief, the trial court attached colloquies from the in-court plea offer and the sentencing hearing, both indicating Appellant maintained his innocence. The trial court also attached the notice signed by Appellant upon his release from prison, acknowledging he would be subject to enhanced sentencing if he committed this crime, or other enumerated offenses. Although these attachments are evidence, they do not conclusively refute Appellant's allegations as required to support summary denial.
There is no dispute that Appellant established the first and third prongs of the test. Although Appellant was aware of the plea offers, he was uninformed by counsel of the enhanced penalty he faced and, had he accepted one of those offers, it would have resulted in a lesser sentence. Thus, the only issue is whether Appellant can establish he would have accepted the plea had his attorney told him of the potential prison releasee reoffender sentence. An evidentiary hearing is necessary to make this determination. See id. at 969 n. 6 (emphasizing that "if the claim is sufficiently *1209 alleged," the court should order an evidentiary hearing); see also Eristma v. State, 766 So.2d 1095, 1096 (Fla. 2d DCA 2000); Lewis v. State, 751 So.2d 715, 716 (Fla. 5th DCA 2000). At the evidentiary hearing, the trial court will have the opportunity to receive evidence and evaluate the credibility of any witnesses in deciding whether Appellant would have accepted the plea, or would have continued to state, "I didn't do it," and insist on trial.
REVERSED and REMANDED.
BOOTH and VAN NORTWICK, JJ., concur.