STRINGER, Judge.
Christopher Gallant seeks review of the circuit court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
Gallant entered a no contest plea to one count of arson of a dwelling pursuant to an open plea agreement. The court sentenced him to fifteen years’ prison followed by ten years’ probation. He timely filed a motion for modification of sentence, motion to withdraw his plea, and a motion for bond pending appeal. At the hearing on these motions, his defense counsel admitted that he may have misled Gallant regarding the likely sentence that he would receive. Nonetheless, the court denied the motion.
Gallant timely filed a rule 3.850 motion alleging that his counsel had led him to believe that he would be sentenced as a youthful offender or given a downward departure sentence of about three years. During the evidentiary hearing on this motion, his collateral counsel asked defense counsel if the State had made any plea offers. Defense counsel answered that the State had offered a four-year sentence, but that he and his client had decided to reject it. The court denied the motion because Gallant had been advised during the plea colloquy that the maximum sentence was thirty years.
Gallant subsequently filed a second rule 3.850 motion alleging that defense counsel failed to communicate the four-year offer and that he would have accepted it instead of pleading open to a potential thirty-year sentence but for the inadequate communication. To overcome the successive motion bar, he alleged that he did not know about the four-year plea offer until he heard his counsel’s testimony during the first rule 3.850 evidentiary hearing. The court entered an order denying his motion because Gallant did not show that the newly discovered fact could not have been discovered by due diligence by his collateral counsel and raised in the original rule 3.850 motion.
We disagree. A trial counsel’s failure to convey a plea offer can constitute ineffective assistance of counsel. Whitten v. State, 841 So.2d 578, 579 (Fla. 2d DCA 2003) (citing Cottle v. State, 733 So.2d 963 (Fla.1999)). In order to state a prima facie ease of ineffective assistance of counsel based on failing to convey a plea offer, the defendant must allege (1) that counsel failed to communicate a plea offer; (2) that the defendant would have accepted the plea offer but for the inadequate communication; and (3) that acceptance of the plea offer would have resulted in a lesser sentence. Whitten, 841 So.2d at 579. If the claim is sufficiently alleged, the court should order an evidentiary hearing. Cottle, 733 So.2d at 969 n. 6. An inherent prejudice results from a defendant’s inability, due to counsel’s neglect, to make an informed decision whether to plea bargain, which exists independently of the objective viability of the actual offer. Id.
Accepting, as we must, the truth of Gallant’s allegations, a prima facie case of ineffective assistance of counsel by failing to convey a plea offer is demonstrated, and he is entitled to an evidentiary hearing. There is no conclusive proof in the record that he knew or should have known that the State had made a four-year offer when he filed his original rule 3.850 motion. Gallant’s claim is, therefore, founded upon newly discovered evidence and shall not be barred. Accordingly, we reverse *1158 the order of the circuit court and remand for an evidentiary hearing.
Reversed and remanded.
FULMER and NORTHCUTT, JJ., Concur.