MONACO, J.
The appellant, Kiini Jones, was convicted by a jury of capital sexual battery, attempted lewd and lascivious molestation, and attempted solicitation of a lewd act, and was sentenced to life in prison for the sexual battery and concurrent prison terms for the other charges. His appeal from his judgment and sentence were affirmed per curiam. See Jones v. State, 848 So.2d 338 (Fla. 5th DCA 2003). He now seeks post-conviction relief on numerous grounds. We affirm the trial court’s denial of relief on all but one of the grounds asserted by Mr. Jones, but re *277 quire further consideration of the remaining ground.
In Ground “E” Mr. Jones argues that his counsel was ineffective in failing to advise him of a plea offer of less than fifteen years incarceration. He says further that if that offer had been communicated to him, he would have accepted it. The trial court denied relief in this connection, however, finding that there was no specific plea offer reflected in the record. The trial court reasoned that Mr. Jones could not, therefore, establish prejudice. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We conclude that further consideration of this ground will be necessary.
The Florida Supreme Court has held that if the purported ineffectiveness of counsel arises out of the rejection of a plea offer, the accused must establish three factors in order to be entitled to relief: (1) counsel failed to communicate a plea offer or misinformed the defendant with respect to the penalty faced; (2) the defendant would have accepted the offer but for the inadequate notice; and (3) acceptance of the offer would have resulted in a lesser sentence. See Cottle v. State, 733 So.2d 963 (Fla.1989). As the State candidly agrees, Mr. Jones has stated a facially sufficient claim in this regard. He has specifically alleged that there was an uncommunicated plea offer, that he would have accepted the offer had it been communicated, and that the sentence he received was greater than the uncommuni-cated plea offer. These allegations must be accepted as true when not conclusively refuted by the record. See Hamilton v. State, 875 So.2d 586 (Fla.2004); Floyd v. State, 808 So.2d 175,182 (Fla.2002).
The controverted issues that were to be determined by the trial court in connection with Ground “E” were whether a plea offer existed, and whether counsel either failed to inform Mr. Jones of the alleged plea offer, or misinformed Mr. Jones with respect to the penalty faced. Although the trial court attempted to address these matters, the pages of transcript attached by the court do not conclusively refute them. Accordingly, we affirm in all respects, except as to Ground “E.” As to Ground “E,” we reverse with instructions either to attach additional parts of the record to justify the summary denial of this ground, or to hold an evidentiary hearing to consider the issues raised by that single ground.
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA and PALMER, JJ., concur.