PALMER, J.
Kiini A. Jones appeals the trial court’s order summarily denying “Ground E” of his motion for postconviction relief.[1] Concluding that the trial court’s ruling is supported by the record, we affirm.
Jones was convicted of committing the crimes of capital sexual battery, attempted lewd and lascivious molestation, and attempted solicitation of a lewd act. He was sentenced to a term of life in prison on the sexual battery conviction and concurrent prison terms on the other convictions. On direct appeal, his judgments and sentences were affirmed by this court. See Jones v. State, 848 So.2d 338 (Fla. 5th DCA 2003).
Jones thereafter filed a motion seeking postconviction relief. The trial court summarily denied the motion and Jones appealed. Upon review, we remanded the matter to the trial court for further consideration of “Ground E”. See Jones v. State, 911 So.2d 276 (Fla. 5th DCA 2005).
More specifically, in “Ground E” of his motion, Jones argued that his trial counsel was ineffective in failing to advise him of the fact that the State had made a plea offer of less than fifteen years’ incarceration. Jones further argued that, if that offer had been communicated to him, he would have accepted it. Jones’ motion set forth a facially sufficient claim because it specifically alleged that there was an un-communieated plea offer, that he would have accepted the offer had it been communicated to him, and that the sentence he received was greater than the sentence set forth in the uncommunicated plea offer.[2] Therefore, this court remanded the matter to the trial court with instructions either to attach additional parts of the record to justify its summary denial of this ground or to hold an evidentiary hearing.
On remand, the trial court again summarily denied “Ground E,” stating that the record reflected that Jones was present in the courtroom during the plea discussions. To support its ruling, the trial court attached portions of the trial transcript in which a possible plea offer was discussed. It is apparent from our review of this transcript that Jones was present during this exchange. Jones’ presence in the courtroom during this exchange is enough to refute his ineffective assistance of counsel claim. Compare Whitten v. State, 841 So.2d 578 (Fla. 2nd DCA 2003) (holding that defendant’s allegation in his motion that he did not become aware of an offer until just before the jury was sworn was not refuted by the record evidence, since the transcript referencing the offer was the transcript of what occurred just before the jury was sworn).
AFFIRMED.
THOMPSON and EVANDER, JJ., concur.

. See Fla. R.Crim. P. 3.850.

. The Florida Supreme Court has held that, if the purported ineffectiveness of counsel arises out of the rejection of a plea offer, the accused must establish three factors in order to be entitled to receive relief: (1) counsel failed to communicate a plea offer or misinformed the defendant with respect to the penalty faced; (2) the defendant would have accepted the offer but for the inadequate notice; and, (3) acceptance of the offer would have resulted in a lesser sentence. See Cottle v. State, 733 So.2d 963 (Fla.1999).