973 So.2d 666 (2008)
Martin A. HERING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2830.
District Court of Appeal of Florida, Fifth District.
February 8, 2008.
*667 Christopher Smith, Orlando, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Martin A. Hering appeals the trial court's order denying his Florida Rule of Criminal Procedure 3.850 motion as legally insufficient. We are sympathetic to the fact that it is difficult to ferret out the relevant factual allegations from Hering's long, rambling motion, and to relate those allegations to. Hering's claims for postconviction relief. However, we find that Hering's motion states two facially sufficient claims, and therefore reverse the summary denial.
Hering alleges that his trial counsel failed to communicate a favorable plea offer from the trial judge; mistakenly told him that he faced a minimum guidelines sentence of 76 months in prison, when he scored only 34 months; failed to inform him that he faced possible sentencing as a PRR; and, made other omissions that caused him to incorrectly assess his chances for success at trial. Much later in his motion, Hering also alleges that he would have accepted the favorable plea offer and received a much more favorable sentence, but for the inadequate communication from his counsel. These allegations, though scattered throughout various sections in Hering's forty-five-page motion, state a facially sufficient claim. See, e.g., Mathis v. State, 848 So.2d 1207 (Fla. 1st DCA 2003).
Second, Hering claims that his trial counsel was ineffective for failing to object to fingerprint evidence that was produced at trial without prior disclosure in discovery. Hering alleges that if his counsel had objected to the State's prejudicial discovery violation, the fingerprint' evidence would have been excluded from trial and *668 he would have been acquitted. Additional details, explaining the significance of the evidence and circumstances of the alleged discovery violation, are also included in Hering's motion. This claim should also have been considered on the merits. See generally, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Therefore, we reverse with directions that the trial court address the merits of these two claims. To the extent that Herring attempted to state any other claims for relief, we could not discern them either. Therefore, we affirm the trial court's summary denial as to any additional claims.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
PALMER, C.J., and GRIFFIN, J., concur.