PER CURIAM.
Porfiro Rivera appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised three grounds for relief. We reverse and remand for further proceedings on ground one and affirm without comment on grounds two and three.
On September 24, 2008, Mr. Rivera’s counsel informed him of the State’s plea offer of twenty years’ imprisonment. Mr. Rivera rejected the offer because he wanted to continue investigating his case. Mr. Rivera then appeared before the trial judge, who also informed him of the plea offer. The trial judge told Mr. Rivera that he could either accept the State’s offer or reject it and proceed to trial that day. Mr. Rivera rejected the offer and proceeded to trial.
On September 25, 2008, Mr. Rivera was convicted of shooting into an occupied vehicle (count one) and three counts of aggravated assault with a deadly weapon (counts two, three, and four). Mr. Rivera was sentenced to fifteen years’ imprisonment on count one and to twenty years’ imprisonment with a three-year minimum mandatory on each of counts two, three, and four. Count one was ordered to run concurrent to count four, and count two was ordered to run concurrent with count three. Counts one and four were ordered to run consecutive to counts two and three, for a total of forty years’ imprisonment.
In ground one, Mr. Rivera claimed that his trial counsel failed to discuss with him the benefits of accepting the plea offer as well as the potential consequences of rejecting the State’s plea offer of twenty years’ imprisonment. Mr. Rivera claimed that he was prejudiced by counsel’s failure to fully advise him because he is now serving a sentence twice the length of the State’s offer. Mr. Rivera further asserted that he would have accepted the State’s plea offer had counsel fully advised him of the possible sentences he could have received at trial. Mr. Rivera has made a facially sufficient claim. See Rentschler v. State, 838 So.2d 1212, 1212 (Fla. 2d DCA 2003); see also Fla. R. Crim. P. 3.171(c)(2)(B) (“Defense counsel shall advise defendant of ... all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant.”). The postcon-viction court’s order failed to address Mr. Rivera’s claim that counsel did not advise *878 him of the possible sentence he could receive if convicted at trial, and the portions of the trial record attached to the order do not refute Mr. Rivera’s claim. Therefore, we reverse the postconviction court’s order denying Mr. Rivera’s claim in ground one of his rule 3.850 motion and remand for the court to either attach portions of the record that conclusively refute the claim or to hold an evidentiary hearing on the claim.
Affirmed in part; reversed in part; remanded.
VTLLANTI, BLACK, and SLEET, JJ., Concur.