NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL RAY MITCHELL,                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No.   2D15-4628
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed August 17, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b) from the Circuit Court for Polk
County; J. Dale Durrance, Judge.

Michael Ray Mitchell, pro se.


KELLY, Judge.


        Michael Mitchell appeals from the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850.  Because

Mitchell's claim that his defense counsel failed to convey a plea offer was not refuted by

the record, we reverse for an evidentiary hearing.

        Mitchell was originally charged in count I with leaving the scene of a crash

involving death and in count II with driving with a suspended license.  The State later

amended the information to add count III, vehicular homicide. Mitchell entered an open guilty plea to counts I and II in exchange for the nolle prosequi of count III. The trial court sentenced him to fifteen years in prison followed by five years of probation.

In his motion, Mitchell claimed that a response to his public records request from the State Attorney's office revealed a plea offer that was never presented to him. The offer, dated February 13, 2012, was for 112.3 months in prison followed by five years of probation. A month after the date of the offer, on March 15, 2012, the State amended the information to add count III. Mitchell alleges that, had he known of the 112.3-month offer, he would have accepted it before the State amended the information to add the additional charge. He claims that he was prejudiced by his counsel's failure to present the offer because he entered an open plea after the information was amended and received a sentence that was six years greater than the original plea offer.

The State's response to the motion argued that the motion was legally insufficient because it did not allege that the prosecutor would not have withdrawn the offer. See Alcorn v. State, 121 So. 3d 419 (Fla. 2013) (holding that the defendant must allege in his motion for postconviction relief that the State would not have withdrawn its offer and that the court would have accepted it). The trial court allowed Mitchell to amend his motion. The amended motion contained the following notation:

> *The State would not have withdrawn the plea as they clearly did not put a plea expiration date on page (3) of Exhibit "C"; and had defendant been presented the plea he would have signed it "prior" to the State's "later" amendment to his Information; therefore, no amendment to the information would have ever occurred.

In spite of this amendment, the trial court's order denying relief noted that Mitchell failed to allege that the State would not have withdrawn its offer. The court found that the State would have withdrawn the offer when it amended the information.

When no evidentiary hearing is held, the appellate court must accept the defendant's factual allegations to the extent they are not refuted by the record. Peede v. State, 748 So. 2d 253, 257 (Fla. 1999). Here, Mitchell alleged that he was never presented with the State's 112.3-month offer. "A trial counsel's failure to convey a plea offer can constitute ineffective assistance of counsel." Gallant v. State, 898 So. 2d 1156, 1157 (Fla. 2d DCA 2005).

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012).

In Florida, trial courts and prosecutors have the discretion to withdraw a plea offer. Alcorn, 121 So. 3d at 430. See Fla. R. Crim. P. 3.172(g) ("No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification."). Therefore, the defendant must allege and prove that there is a reasonable possibility that the

prosecutor would not have withdrawn the plea offer and that the trial court would have accepted it. Alcorn, 121 So. 3d at 430.

In this case, Mitchell alleged that he would have accepted the 112.3-month offer had counsel advised him of it; that there was a reasonable probability the prosecutor would not have withdrawn the offer if Mitchell accepted it in the month before the information was amended; and that the court would have accepted his plea, because the court accepted his later plea. Mitchell alleged that he was prejudiced because the plea would have resulted in a lesser sentence than was ultimately imposed. The State did not refute the allegation that Mitchell would have accepted the first plea offer before the information was amended.

Because Mitchell's motion was legally sufficient and was not refuted by the record, an evidentiary hearing was required. See Whitten v. State, 841 So. 2d 578, 579 (Fla. 2d DCA 2003) (holding that the defendant was entitled to an evidentiary hearing on his postconviction claim that counsel was ineffective for failing to convey a plea offer where the record did not refute the defendant's claims). Accordingly, we reverse the order summarily denying Mitchell's motion and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and KHOUZAM, JJ., Concur.