IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RENARDO A. SMITH,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1691

Opinion filed May 31, 2017.

An appeal from the Circuit Court for Escambia County.
Jennie M. Kinsey, Judge.

Renardo A. Smith, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Michael Schaub, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

    Appellant has filed a rule 3.850 postconviction motion in which he asserts

that his trial counsel acted ineffectively by failing to advise him that he qualified

for a mandatory sentence, in addition to other penalties, pursuant to the prison releasee reoffender ("PRR") statute, section 775.082(9)(a)1., Florida Statutes (2012), prior to his rejection of two plea offers. He asserts counsel's failure to advise him of his PRR eligibility caused him to reject the offers and proceed to a bench trial, where he was convicted. Thereafter, the state filed notice that he qualified to be sentenced as a PRR. The court sentenced him as a PRR to the mandatory 15 years for the second-degree felony, which also barred his eligibility to earn gain time as well as participation in work release and early release programs. We reverse.

The trial court denied the claim after finding that Appellant would have proceeded to trial even if he had knowledge he qualified for PRR enhancement, because he knew his sentence exposure was up to 25 years' imprisonment when he rejected the plea offers. Appellant argues the 25-year collective sentence was a possibility, but not mandated, as is the situation with the PRR statute, which *requires* imposition of a statutory maximum sentence. Further, under PRR enhancement, a defendant must serve the entirety of the sentence, with no opportunity to earn gain time, work release, or early release.

Appellant's claim is not conclusively refuted by the record. See Alcorn v. State, 121 So. 3d 419 (Fla. 2013) (discussing four prongs for consideration when evaluating a claim of ineffective assistance for failure to properly advise of actual

2

sentence exposure); <u>Armstrong v. State</u>, 148 So. 3d 124, 126 (Fla. 2d DCA 2014) (stating "'[p]rejudice . . . is determined based upon a consideration of the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice*'") (quoting <u>Alcorn</u>, 121 So. 3d at 432) (emphasis in original). We therefore reverse and remand for the trial court to hold an evidentiary hearing, which will provide the court with "the opportunity to receive evidence and evaluate the credibility of any witnesses in deciding whether Appellant would have accepted the plea, or would have continued to state, 'I didn't do it,' and insist on trial." <u>Mathis. v. State</u>, 848 So. 2d 1207, 1209 (Fla. 1st DCA 2003).

REVERSED AND REMANDED.

WOLF, RAY, and BILBREY, JJ., CONCUR.