# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4040
_____

EARL C. OGDEN,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

March 13, 2019

PER CURIAM.

Appellant seeks review of a final order summarily denying his motion for postconviction relief, which raised two claims of ineffective assistance of counsel. We affirm the summary denial of Appellant's first claim without discussion. However, we reverse the summary denial of Appellant's second claim that defense counsel was ineffective for failing to advise Appellant that he was facing a mandatory life sentence as a prison releasee reoffender when the State made a plea offer of fifteen years in prison as a prison releasee reoffender, which it later withdrew.

Appellant alleged that if defense counsel had advised him of the maximum sentence he faced when the State made the plea offer, he would have accepted the offer instead of leaving the offer

open, which resulted in the offer being withdrawn. If true, defense counsel's failure to advise Appellant of the maximum sentence when discussing the plea offer constituted deficient performance. As this court has observed:

> Our precedent requires attorneys to inform their clients of the maximum sentences they may face when advising them as to whether to reject a plea offer. *Although counsel in the instant case was advising his client to leave an offer open, rather than to reject it outright*, knowledge of the statutory maximum was vital to an informed decision as to whether to accept the offer or leave it open, thus risking its withdrawal.

*Pennington v. State*, 34 So. 3d 151, 156 (Fla. 1st DCA 2010) (emphasis added).[*] Furthermore, Appellant sufficiently alleged

---

[*] To the extent that the dissent advocates a "bright line" rule prohibiting any claim of ineffective assistance of counsel unless a defendant alleges either counsel's failure to convey a plea offer or misadvice urging the rejection of a plea, this unduly limits defense counsel's duty to "advise defendant of . . . all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant." Fla. R. Crim. P. 3.171(c)(2)(B); *see also Odegaard v. State*, 137 So. 3d 505, 508 (Fla. 2d DCA 2014); *Rivera v. State*, 128 So. 3d 876, 877 (Fla. 2d DCA 2013). The dissent alleges that Appellant's claim is legally insufficient because he never alleged that he rejected the State's plea offer due to counsel's lack of proper advice. However, the fact that Appellant alleged that he asked for more time to consider the plea offer—rather than rejecting it outright—is a distinction without a difference. In both cases, the alleged prejudice is the same, i.e., Appellant failed to accept a more favorable plea offer due to counsel's alleged ineffectiveness. It matters not whether the failure to accept was an outright rejection of the offer or failure to accept the offer before it was withdrawn. *Pennington*, 34 So. 3d at 156. In fact, it could be argued that Appellant's request for more time makes for a more compelling claim because it suggests that Appellant was seriously considering the offer and might have accepted it before it was withdrawn if he

2

that he was prejudiced because (1) he would have accepted the plea offer if he had been properly advised; (2) the prosecutor would not have withdrawn the offer; (3) the court would have accepted the offer; and (4) the sentence would have been less severe than the sentence that was in fact imposed. *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013).

Contrary to the trial court's conclusion, Appellant's claim is not conclusively refuted by the record of Appellant's subsequent plea because "'[p]rejudice . . . is determined based upon a consideration of the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice*.'" *Armstrong v. State*, 148 So. 3d 124, 126 (Fla. 2d DCA 2014) (quoting *Alcorn*, 121 So. 3d at 432) (emphasis in original); *accord Smith v. State*, 219 So. 3d 978, 979 (Fla. 1st DCA 2017*); see also Wilson v. State*, 189 So. 3d 912, 913 (Fla. 2d DCA 2016) (holding that "events occurring after Mr. Wilson rejected the plea offer could not cure counsel's alleged failure to provide him with all of the information necessary to make an informed decision concerning the offer").

Accordingly, we reverse the summary denial of Appellant's second claim and remand for an evidentiary hearing. *See Smith*, 219 So. 3d at 979 (reversing the summary denial of the defendant's postconviction claim that defense counsel was ineffective for failing to advise him that he qualified for a mandatory sentence under the prison releasee reoffender statute prior to his rejection of two plea offers); *Armstrong*, 148 So. 3d at 126 (reversing the summary denial of the defendant's postconviction claim that counsel was ineffective for failing to inform him of the maximum sentence and the possibility of a fifteen-year mandatory minimum sentence as a prison releasee reoffender during plea negotiations, resulting in the rejection of a favorable plea of forty-eight months in prison); *Mathis v. State,* 848 So. 2d 1207, 1208-09 (Fla. 1st DCA 2003) (reversing the summary denial of the defendant's

---

had been properly advised. Different from the dissent's assertion, there is nothing facially unreasonable about this allegation such that it would be proper to summarily deny it without an evidentiary hearing.

postconviction claim that defense counsel was ineffective for failing to advise him that he could be sentenced as a prison releasee reoffender if convicted at trial, resulting in the rejection of the State's plea offer to a lesser included offense).

AFFIRMED in part, REVERSED in part, and REMANDED with directions.

BILBREY and JAY, JJ., concur; WINOKUR, J., concurs in part and dissents in part with opinion.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

WINOKUR, J., concurring in part and dissenting in part.

I agree with the majority that the part of the order regarding the affirmative defense should be affirmed. I disagree, however, that Ogden is entitled to an evidentiary hearing on his claim regarding the plea offer.

In *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), the United States Supreme Court ruled that a defendant who does not accept a plea offer due to deficient performance of counsel may, in some circumstances, demonstrate ineffective assistance of counsel. The Florida Supreme Court adopted the prejudice analysis of *Frye* and *Lafler* in *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013). Due to the relative recency of these decisions, I believe it is important to define specifically the duties of counsel with regard to a plea offer made by the State. In my view, counsel's failure to advise Ogden of the effect his status as a prison releasee reoffender (PRR) had on his possible sentence, at the time that Ogden claims his counsel should have informed him, is insufficient to establish an ineffective-assistance claim. As such, I believe the trial court was correct in denying this claim without an evidentiary hearing.

4

## I.

Ogden was charged with armed burglary of a dwelling, a first-degree felony punishable by life imprisonment (PBL). § 810.02(2)(b), Fla. Stat. He qualified for sentencing as a PRR and a habitual felony offender. PRR sentencing on the charged crime would have required a life sentence. § 775.082(9)(a)3.a., Fla. Stat. At arraignment, Ogden alleged that the assistant state attorney offered to reduce the charge to burglary of a dwelling (a second-degree felony), which would carry a fifteen-year sentence as a PRR, in exchange for a guilty plea. §§ 810.02(3)(b), 775.082(9)(a)3.c., Fla. Stat. Ogden claimed that counsel did not advise him at that time that if the State sought PRR sentencing after trial on the charged crime it would carry a mandatory life term, rather than a maximum life term. Based on this omission, Ogden alleged that he "told [t]rial counsel to ask for more time to think about it."

About seven weeks later, a new prosecutor took over the case. After various continuances and several months passing (and one more change of prosecutor), Ogden's counsel submitted a written proposal to accept the offer, almost nine months after the offer was made. Ogden alleged that the then-current prosecutor (twice removed from the prosecutor who made the offer) rejected the offer and counteroffered twenty years as a habitual felony offender with fifteen years mandatory as a PRR, in exchange for a guilty plea to burglary of a dwelling. Ogden claims he accepted in light of the mandatory life provision of the PRR. He claims that he would have accepted the first offer back at arraignment if counsel had advised him that he faced mandatory life as a PRR. The trial court rejected the claim without evidentiary hearing.

## II.

*Frye* sets forth the standard to be applied "where a plea offer has lapsed or been rejected because of counsel's deficient performance." 566 U.S. at 147. Thus, the *Frye* standard, adopted by the Florida Supreme Court in *Alcorn*, applies when there has been a lapse of a plea offer or a rejection of a plea offer. Here, Ogden did not allege that he rejected the plea offer, much less rejected it because of counsel's deficient performance. However, it is arguable that the offer lapsed, in that the prosecutor refused to accept the offer some nine months later. But this is not what the

5

Supreme Court meant by "lapse." In *Frye*, the defendant alleged that counsel *failed to convey* a plea offer to him. *Id.* at 138-39. Counsel's performance was deficient not because the offer lapsed before the defendant accepted it, but because it lapsed before counsel even told the defendant about it. Indeed, the only Florida case that discusses ineffective assistance for a "lapsed" plea offer is *Mitchell v. State*, 197 So. 3d 1271 (Fla. 2d DCA 2016), which also involved an allegation that counsel failed to convey a plea offer.[1] In fact, cases around the country that discuss ineffective assistance for allowing a plea offer to lapse involve counsel failing to convey the offer to the defendant.[2]

---

[1] The cases cited by the majority involve plea offers *rejected* due to misadvice, so they do not apply. *See Smith v. State*, 219 So. 3d 978 (Fla. 1st DCA 2017); *Wilson v. State*, 189 So. 3d 912 (Fla. 2d DCA 2016); *Armstrong v. State*, 148 So. 3d 124 (Fla. 2d DCA 2014); *Pennington v. State*, 34 So. 3d 151 (Fla. 1st DCA 2010); *Mathis v. State,* 848 So. 2d 1207 (Fla. 1st DCA 2003). These cases do not suggest that counsel has a nebulous requirement to give advice quickly enough to beat out a potential (but again unknown) withdrawal of the offer. Such a requirement does not exist and, as stated, should not exist. Instead, these cases involve advice that leads the defendant to actually reject a plea offer. *Pennington* does not hold otherwise. *Pennington* merely states what counsel must do "when advising [a client] as to whether to reject a plea offer." 34 So. 3d at 156. Any implication that this case imposes a duty on counsel to impart information to the client at some unknown time, regardless of whether counsel advises the client to reject the offer, is belied by Pennington's testimony that "trial counsel advised him to reject the offer." *Id.* at 154.

[2] *See, e.g., Payton v. State*, 2018 WL 3853511, at \*2 (Miss. Ct. App. Aug. 14, 2018); *Helmedach v. Comm'r of Corr.*, 148 A.3d 1105, 1117 (Conn. App. 2016), *aff'd,* 189 A.3d 1173 (Conn. 2018); *Robinson v. State*, 486 S.W.3d 201 (Ark. 2016); *Smith v. State*, 443 S.W.3d 730 (Mo. App. 2014); *Chapa v. State*, 407 S.W.3d 428, 434 (Tex. Crim. App. 2013).

*Lafler*, in contrast, involved a defendant who explicitly rejected a plea offer due to misadvice of counsel. *Lafler*, 566 U.S. at 161 (holding that counsel for defendant, charged with assault with intent to murder, was ineffective for advising the defendant to reject the state's plea offer on the false premise that the prosecution would be unable to establish intent to murder because the victim had been shot below the waist). Thus, *Frye* and *Lafler* together stand for the proposition that counsel can be ineffective for 1) failing to convey a plea offer to the defendant before it lapses (*Frye*) or 2) misadvising the defendant to reject a plea offer (*Lafler*). Put another way, unless the defendant alleges that counsel failed to convey a plea offer, the only way to demonstrate ineffective assistance for failing to accept a plea offer is to allege that the offer was rejected due to misadvice.[3]

## III.

Ogden has failed to demonstrate that *Frye*, *Lafler*, or *Alcorn* apply here. As such, he has not alleged a legally-sufficient claim that counsel was ineffective. Counsel neither failed to convey the plea offer to Ogden before it lapsed, nor counseled him to reject the plea offer based on misadvice or lack of advice. In most cases, I believe that we should require such allegations in order to clearly establish what is expected of counsel with respect to plea offers: convey all plea offers to the defendant before they lapse, and do not advise rejection of a plea offer based on misinformation or lack of required information. Without generally requiring that the bad advice leads the defendant to reject the offer, we are left with no guidance as to when and exactly what counsel is required to inform a defendant regarding a plea offer.

---

[3] It should be noted that *Alcorn*, where the Florida Supreme Court specifically adopted *Frye* and *Lafler*, also involves actual rejection of a plea offer: "This case involves ineffective assistance of counsel claims arising out of counsel's failure to correctly inform the defendant of the maximum penalty he faced *before rejecting a plea offer*." *Alcorn*, 121 So. 3d at 421-22 (emphasis supplied). *Alcorn* stands for the proposition that *rejection* of a plea offer caused by lack of proper advice can support an ineffective-assistance claim.

It is not enough for a movant claiming ineffective assistance for failure to take a plea offer to allege that he or she would have accepted the offer but for bad advice or lack of advice. The movant must also allege that the bad advice or lack of advice constituted deficient performance. Deficient performance is defined as "particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards." *Schoenwetter v. State*, 46 So. 3d 535, 546 (Fla. 2010) (quoting *Maxwell v. Wainwright*, 490 So. 2d 927 (Fla. 1986)). An actual rejection of a plea offer based on misadvice constitutes a particular act or omission that a counsel can know is deficient performance. Conversely, an amorphous requirement for counsel to promptly inform the defendant provides no clear guidance on what constitutes deficient performance or what is expected of counsel.

I find that it is especially important in this type of case to require specific action on the part of the defendant that was caused by counsel's deficient performance. As a counterexample, defendants who claim that they accepted plea bargains due to misadvice actually have something to lose if they prevail on the claim. If a guilty plea is withdrawn, a defendant might end up with a worse sentence than the plea agreement had provided. Conversely, defendants like Ogden, making the opposite claim, have nothing to lose by making their claim. Ogden took a later, less favorable plea offer. It comes as no surprise that he believes now that he should have taken the earlier fifteen-year offer, now that he has a twenty-year sentence.[4] And unlike the defendant who claims ineffective assistance for accepting a plea offer, he has nothing to lose by alleging that counsel is to blame for his failure to take the fifteen-year offer. For this reason, this type of claim should be limited to what the supreme court held, which is to permit an ineffective assistance claim when a plea is not conveyed to the defendant or it has been "*rejected* because of counsel's

---

[4] The same is true for defendants who reject plea deals and proceed to trial, where they are convicted.

deficient performance." *Alcorn*, 121 So. 3d at 427 (citing *Lafler*, 566 U.S. at 147) (emphasis supplied).

## IV.

Even if we were to impose a requirement that counsel must inform the defendant of all relevant factors regarding a plea offer before it lapses, regardless of rejection, I do not believe such a requirement should be applied here.

## A.

First, Ogden does not allege when the offer lapsed, other than indicating that the prosecutor refused to honor it nearly nine months later.[5] Ogden himself asked for "more time" to consider the offer, but it is unknown how long the offer remained. Specifically, Ogden alleged counsel should have notified him at arraignment of the mandatory provisions of the PRR.

The majority holds that this allegation is sufficient, that counsel had an obligation to inform Ogden of the "maximum sentence" (setting aside whether a PRR sentence is a "maximum sentence") "when the State made the plea offer," and that counsel's failure to do so "resulted in the offer being withdrawn." Maj. op. at 1, 2. Does this mean that counsel was obligated to present information to Ogden about the effect of PRR sentencing (bearing in mind that the State had not actually sought PRR sentencing at the time) right there at arraignment, and that failure to do so constituted deficient performance? This is, in fact, what Ogden alleged: "[H]ad Trial Counsel advised Defendant of the [effects of PRR sentencing] *on July 11, 2011, Arraignment date*, he would had affirmatively accepted said plea offer *at that point in time*" (emphasis supplied). But I submit that we hold defense counsel to

---

[5] In addition to failing to allege when the offer lapsed or was withdrawn, I note that Ogden also did not allege that counsel knew when the offer would lapse or had lapsed. So even if counsel had an obligation to inform Ogden of the consequences of a PRR sentence, regardless of whether he advised Ogden to reject it, the motion is insufficient because it fails to allege that counsel ineffectively allowed the offer to expire or ineffectively failed to inform him that the offer would expire.

an unreasonable standard when we find that failure to fully advise a client regarding possible sentencing on the very day the offer is made is "outside the broad range of reasonably competent performance under prevailing professional standards."

It is not enough to say that an evidentiary hearing could flesh these matters out, by gathering evidence of how long the offer lasted, whether counsel knew when the offer lapsed, whether counsel informed Ogden of the lapse date, and so on. A postconviction defendant is entitled to an evidentiary hearing only when the motion presents "allegations constituting a prima facie case for relief." *Rivera v. State*, 995 So. 2d 191, 200 (Fla. 2008). An evidentiary hearing is not required to allow a defendant to fill out his claim for relief by adding facts that do not appear in the motion. If the movant's allegations do not support an actual basis for relief, as opposed to a possible basis for relief, then the court must deny the motion as legally insufficient. Ogden alleged that his counsel was required to provide information regarding PRR sentencing *on the day of arraignment*, not some unknown future time before the offer expired. I believe this is an insufficient allegation of deficient performance.

Moreover, I do not dispute the majority's contention that a plea offer can be impliedly rejected, by permitting it to expire before it is accepted, without an explicit rejection. First, if this occurred, it would still involve advice by counsel to the client, resulting in a decision not to accept the offer. If that decision involves misinformation or lack of required information, it could support an ineffectiveness claim. Nothing shows that this occurred here. Second and more importantly, Ogden did not allege "failure to accept the offer before it was withdrawn." Maj. op. at 2 n.*. He alleged only that counsel should have advised him on the day of arraignment and alleged nothing about when the offer was withdrawn.

B.

Second, a court is justified in finding it unreasonable that a defendant who was willing to "think about" a mandatory fifteen-year plea offer when he was facing life imprisonment if he had gone to trial would have immediately accepted the offer *at arraignment* if he had known he would face mandatory life imprisonment

10

instead of the possibility of life imprisonment. This unreasonableness is a basis to deny Ogden's motion without evidentiary hearing. *See, e.g.*, *Montero v. State*, 996 So. 2d 888, 891 (Fla. 4th DCA 2008) (holding that a court need not hold an evidentiary hearing on a postconviction motion "where the allegations are 'inherently incredible'"); *Evans v. State*, 843 So. 2d 938, 940 (Fla. 3d DCA 2003) (finding that a postconviction movant's claim that he would not have entered his plea was "so thoroughly contrary to common sense as to be inherently incredible, and does not warrant a hearing").

## C.

Finally, I disagree that Florida Rule of Criminal Procedure 3.171(c)(2)(B) establishes an effective-assistance standard for defense counsel to observe in the plea-offer context. This rule requires counsel to advise a defendant of "all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof." I do not believe this subsection establishes a standard to apply to these cases for three reasons. First, this subsection only requires advice about plea choices and their effects. In other words, before a defendant enters a plea, defense counsel is required to discuss these matters with the client. The subsection says nothing about advice requirements regarding plea offers. Second, the rule was amended in 1977 to require counsel to advise the defendant of "all plea offers." Fla. R. Crim. P. 3.171(c)(2)(A). *See The Florida Bar*, 343 So. 2d 1247, 1253 (Fla. 1977). The fact that subsection (A) specifically mentions "plea offers" suggests that subsection (B) is not meant to apply to plea offers. Third, even if this subsection did establish a standard, it is not inconsistent with the position that a claimant cannot establish ineffective assistance for failure to take a plea offer unless bad advice has led to a rejection of the offer.

## V.

Because Ogden did not allege that counsel failed to convey the plea offer, or advised him to reject the offer based on misadvice or lack of required advice, I do not believe that he made a sufficient claim of ineffective assistance of counsel. We should affirm that portion of the trial court's order.

_____

Earl C. Ogden, pro se, Appellant.

Ashley B. Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.