NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERALDO A. PEREZ PEREZ,            )
                                  )
          Appellant,              )
                                  )
v.                                )     Case No.  2D18-3561
                                  )
STATE OF FLORIDA,                 )
                                  )
          Appellee.               )
                                  )
_____   )

Opinion filed August 14, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Edward Nicholas,
Judge.

Eraldo A. Perez Perez, pro se.


MORRIS, Judge.

          Eraldo Perez Perez appeals from the summary denial of a motion filed

pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm the summary denial of

claims I, II, III, and V without further comment.  Likewise, we affirm the summary denial

of the portion of claim IV wherein Perez Perez alleged that his counsel was ineffective

for failing to object and move for mistrial when the prosecutor argued the credibility of

the State's main witness.  However, within claim IV, Perez Perez also alleged that his

counsel should have objected when the prosecutor commented that Perez Perez

"doesn't give you a reason not to believe [the State's main witness;] he gives you a reason to believe everything [the State's main witness] says." Perez Perez argues that this error was an improper comment on his right to silence, and he contends that his counsel exacerbated the error by responding that Perez Perez "can't explain why [the State's main witness] is taking this position about him[;] his life is over."

In summarily denying claim IV, the postconviction court at first acknowledged this subclaim, noting that it was a claim that the prosecutor's comment "highlighted the fact that [Perez Perez] did not testify on his own behalf." However, in ultimately rejecting this portion of the claim, the court rephrased the comment as "there is no reason to disbelieve [the State's main witness]," and the court concluded it was a fair comment on the evidence rather than an improper attempt to bolster the State witness.[1] This was error. This portion of Perez Perez's claim was not one of improper bolstering. Rather, it was based on the allegation that the State improperly commented on Perez Perez's right to silence and/or improper burden shifting. We do not reach the merits of this claim nor decide whether any demonstrable error is harmless because those decisions must be made by the postconviction court in the first instance. Thus we reverse this portion of claim IV and remand for the postconviction court's reconsideration of it. Cf. Gore v. State, 100 So. 3d 177, 178 (Fla. 2d DCA 2012) (reversing summarily denied postconviction claim and remanding for reconsideration where postconviction court failed to address portion of allegations and where the allegations were not refuted by the record). On remand, the postconviction court must

---

[1]Based on that conclusion, the postconviction court then determined that Perez Perez could not demonstrate prejudice due to defense counsel's failure to object because the objection would have been overruled.

either attach portions of the record conclusively refuting this portion of the claim or it must conduct an evidentiary hearing. See Rivera v. State, 128 So. 3d 876, 878 (Fla. 2d DCA 2013).

Affirmed in part, reversed in part, and remanded.

KELLY and SLEET, JJ. Concur.