DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLAY ROBINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-838

[October 20, 2021]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case Nos. 04-020572 CF10A, 05-001162 CF10A, 05-001163 CF10A and 05-001164 CF10A.

Ilene F. Tuckfield of Ilene F. Tuckfield, P.A., Coral Gables, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Clay Robinson appeals the circuit court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion. We affirm in part, reverse in part, and remand for further proceedings.

This court previously reversed the trial court's denial of Robinson's postconviction motion as to claims six, seven, and nine. *Robinson v. State*, 278 So. 3d 702, 704 (Fla. 4th DCA 2019). In claim six, Robinson alleged his counsel was ineffective for failing to convey a plea offer. This court reversed because although the claim was legally insufficient, Robinson was entitled to an opportunity to amend and address the deficiencies. *Id.*

On remand, the trial court ordered the state to file a response to claims six, seven, and nine. Following the state's response, the trial court summarily denied the claims. This appeal followed. We reverse and remand for further proceedings on Robinson's claim that counsel was ineffective for failing to convey a plea offer as the claim is not conclusively refuted by the record. We affirm the remaining claims without discussion.

Robinson claimed that counsel was ineffective for failing to convey a plea offer of 20 years' imprisonment. He alleged that the only option counsel gave him was "to either open plea and get a split sentence or go to trial." Despite telling Robinson these were his only options, counsel stated in a motion to sentence Robinson as a youthful offender ("YO") that the state had made a 20-year offer to resolve all of Robinson's cases. Counsel filed the YO motion prior to Robinson's plea and sentence. Robinson claimed that despite counsel's apparent knowledge of the offer as demonstrated in the YO motion, counsel never conveyed the offer to Robinson.

In its response below and on appeal, the state does not point to anything in the record that conclusively refutes Robinson's claim. Instead, the state argues that it "defies logic and common sense" to contend Robinson would have accepted an offer of 20 years' imprisonment when he was seeking a YO sentence, and that there is no indication he would have accepted a mandatory minimum sentence of 20 years' imprisonment in one of the cases, which was required. The state also argues Robinson "cannot seriously contend he was unaware of the State's plea offer" where counsel referenced the offer in the motion for imposition of a YO sentence. The state's belief does not constitute record evidence conclusively refuting Robinson's allegation that he was unaware of the offer.

> A trial counsel's failure to convey a plea offer can constitute ineffective assistance of counsel. In order to state a prima facie case of ineffective assistance of counsel based on failing to convey a plea offer, the defendant must allege (1) that counsel failed to communicate a plea offer; (2) that the defendant would have accepted the plea offer but for the inadequate communication; and (3) that acceptance of the plea offer would have resulted in a lesser sentence. If the claim is sufficiently alleged, the court should order an evidentiary hearing. An inherent prejudice results from a defendant's inability, due to counsel's neglect, to make an informed decision whether to plea bargain, which exists independently of the objective viability of the actual offer.

*Gallant v. State*, 898 So. 2d 1156, 1157 (Fla. 2d DCA 2005) (citations omitted).

In *Gallant*, the Second District determined that the defendant was entitled to an evidentiary hearing because when accepting the defendant's allegations that his counsel never conveyed a plea offer as true, which the

court must do, the defendant established a prima facie case of ineffective assistance of counsel. *Id.* This was so because "[t]here [was] no conclusive proof in the record that [the defendant] knew or should have known that the State had made a four-year offer when he filed his original rule 3.850 motion." *Id.* The Second District ultimately concluded that the claim was based on newly discovered evidence. *Id.*

Here, although the instant case does not involve a claim of newly discovered evidence, the reasoning in *Gallant* is instructive. It is true that counsel's YO motion, which was filed before Robinson's plea and sentencing, specifically states that the state offered Robinson 20 years in prison to resolve all of his cases. However, there is nothing in the record *conclusively* refuting Robinson's claim that he was never actually informed of the offer, nor is there conclusive proof that Robinson was given a copy of the YO motion or was otherwise made aware of the offer in any manner.

Thus, accepting Robinson's allegations as true, which this court must do, he has established a prima facie case of ineffective assistance of counsel based on counsel's alleged failure to convey the plea offer. Robinson alleged that counsel did not convey the offer, that he would have accepted it but for the lack of communication, and that the sentence of 20 years' imprisonment would have resulted in a sentence significantly less than the consecutive sentences Robinson received.

We thus remand for an evidentiary hearing on this claim. If Robinson's allegations are found to be supported, the *Alcorn* test, as set out in *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013), must then be applied. *See Brown v. State*, 138 So. 3d 510, 512-13 (Fla. 4th DCA 2014). In all other respects, we affirm.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER, GROSS and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

3